IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ABILENE RETAIL #30, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2330-JWL |
| | ) | |
| THE BOARD OF COUNTY | ) | |
| COMMISSIONERS OF DICKINSON | ) | |
| COUNTY, KANSAS, and KEITH D. | ) | |
| HOFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case comes before the court on various deposition-related motions.  First, defendants and a nonparty witness, Phillip Cosby, seek to quash plaintiff's deposition notices and subpoenas relating to Mr. Cosby's deposition (**docs. 70, 72, 90, & 98**).  Second, defendants seek to quash plaintiff's notice pursuant Fed. R. Civ. P. 30(b)(6) of the deposition of defendant Board of County Commissioners of Dickinson County, Kansas (the "Board") (**doc. 71**).  And third, defendants seek to quash plaintiff's notice of co-defendant Keith Hoffman, who is the duly elected County Attorney of Dickinson County (**doc. 97**).

The court has reviewed  the above-referenced motions and the briefs and other papers filed by the parties (*see* docs. 81, 85, 88, 89, 93, 95, 96, 100, & 101).  The court is now ready to rule.[1]

---

[1] The court notes that, under D. Kan. Rule 6.1(d)(1), the time allowed for defendants to file their optional a reply brief in support of the motion concerning Mr. Hoffman's deposition does not expire until August 12, 2005.  However, defense counsel has informed

By way of background and context, the court simply notes here that the plaintiff, Abilene Retail #30, Inc., operates a retail store in Dickinson County, Kansas. Arguably at least, plaintiff is subject to certain ordinances passed in Dickinson County that regulate businesses dealing in sexually-explicit materials. In this litigation, plaintiff challenges those ordinances, claiming that they are facially unconstitutional. In addition, plaintiff contends that its complaint raises a claim that the ordinances are unconstitutional as applied.[2]

**The Rule 45 Subpoena Duces Tecum Served Upon Mr. Cosby**

On July 14, 2005, plaintiff served a subpoena duces tecum pursuant to Fed. R. Civ. P. 45 upon a non-party witness, Phillip Cosby. He is a resident of Dickinson County who voiced his opinion that the ordinances at issue should be passed. Mr. Cosby was subpoenaed to appear for a deposition on July 19, 2005, and to bring with him five categories of documents relating either to the ordinances at issue or to his activities in lobbying for the ordinances. As explained in more detail below, the court concludes that the subpoena is unduly burdensome and that the topics addressed in the subpoena are overly broad. Moreover, the court concludes that much of the information sought is not relevant.

As a preliminary matter, the court notes that the initial subpoena at issue should be quashed based on plaintiff's failure to comply with Fed. R. Civ. P. 45 and D. Kan. Rule 30.1.

the court that she does not intend to file a reply brief. Mindful that discovery closes in this case on August 31, 2005 (*see* doc. 99), the court will proceed to rule now so that the parties and counsel can have as much time as possible to complete their discovery.

[2] Defendants disagree that plaintiff's complaint sets forth an "as applied" claim. In fact, defendants argue that at least one of the ordinances at issue have never been applied to plaintiff.

Mr. Cosby was served on July 14, 2005, just three business days prior to the noticed deposition.  Plaintiff argues that Mr. Cosby had adequate notice of the deposition.  This argument is without foundation.  While plaintiff's counsel may have communicated with Mr. Cosby regarding convenient dates, this does not negate plaintiff's responsibility to provide reasonable time for compliance with the subpoena, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i). The court concludes that three business days was not reasonable written notice.  *See* D. Kan. Rule 30.1 (without permission of the court, five days is the minimum for reasonable notice under Fed. R. Civ. P. 30(b)(1)).

In addition,  the subpoena was not accompanied by an appropriately tendered witness fee, which precludes the subpoena from being enforceable.[3] Mr. Cosby simply was not required to appear as a matter of law, and the motion to quash the original subpoena is therefore granted.

In anticipation of this court's rulings on the technical failings of plaintiff's subpoena, plaintiff served an amended Rule 45 subpoena.  The new subpoena allows adequate time under the rules, and it is accompanied by the necessary witness fee.  The court notes that the original motions sought the entry of a protective order which would apply to any future deposition. Therefore, the court will address the substance of plaintiff's subpoena duces tecum and the objections raised by defendants and Mr. Cosby; these findings will apply to any future deposition of Mr. Cosby.

---

[3] Fed. R. Civ. P. 45(b)(1).  *See also Alexander v. Jesuits of Missouri Province,* 175 F.R.D. 556, 558 (D. Kan. 1997).

The subpoenas at issue (both the original and the recently-served) seek production of five categories of documents:

A)   Copies of the ordinances at issue in this lawsuit, as well as any drafts of those ordinances.

B)   Correspondence between Mr. Cosby and any Dickinson County employee regarding the ordinances at issue.

C)   Documents of any kind relating to the existence, regulation, operation, or impact of plaintiff's store in Dickinson County.

D)   Notes, photos, recordings, etc. of or regarding plaintiff's store in Dickinson County.

E)   Notes, photos, recordings, videos, etc. of any meetings, presentations, speeches, or conferences involving or attended by Mr. Cosby relating to the existence, regulation, operation, or impact of plaintiff's store in Dickinson County.

As set forth below, the court concludes that this subpoena places an undue burden on Mr. Cosby and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

This court has previously held that

> [w]hether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and

the status of a person as a non-party is a factor that weighs against disclosure.[4]

Relevancy, of course, is broadly construed.  Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[5]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[6]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[7]  The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[8] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[9]

**Categories C, D, and E**

---

[4] *Goodyear Tire & Rubber Co. v. Kirk's Tier & Auto Servicenter*, 211 F.R.D. 658, 662-63 (D. Kan. 2003) (citations omitted).

[5] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[6] *Id.*

[7] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[8] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[9] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

Plaintiff claims that the ordinances at issue are unconstitutional. Even assuming (but without deciding) that plaintiff has preserved claims that the ordinances are unconstitutional both facially and as applied, the information sought via paragraphs C, D, and E of this subpoena is not relevant on its face.

It is critical here to bear in mind that Mr. Cosby is a private citizen. He is not an elected or appointed politician. Nor is a government employee. The undersigned magistrate judge is wholly unpersuaded that Mr. Cosby's personal, private notes and documentation regarding the ordinance at issue, and plaintiff's store in particular, have anything to do with this case. Only to the limited extent that Mr. Cosby may have provided such documents or other information to the Board – the body that enacted the ordinances at issue – would that sort of information (if copies are still in his possession, custody, or control) appear to be relevant to the claims presented in this case. And then such information would be within the ambit of Category B.

But at this juncture plaintiff has presented no information which would lead the court to conclude that documents responsive to this portion of the subpoena would be relevant. To the contrary, plaintiff argues that

> Mr. Cosby may possess crucial, and perhaps dispositive information regarding the evolution of the ordinance at issue in this case . . . Given the level of involvement that Mr. Cosby has had, in urging the adoption, and in shaping the content of the ordinance at issue, it is insupportable to claim that subjecting him to a deposition, a few blocks from his home . . . imposes an undue burden on him.[10]

This statement implicitly concedes that the <u>only</u> relevant information Mr. Cosby has is that

---

[10] Doc. 81 at 5.

which may have contributed to the "adoption" and "shaping" of the ordinance.   Even after reviewing plaintiff's proffer of those facts it contends entitle it to the discovery at issue, and even viewing this issue as framed by plaintiff, only information which Mr. Cosby actually provided to the Board is relevant to any issue plaintiff seeks to investigate.   Mr. Cosby's personal views of plaintiff's business and any other information in his possession is only relevant to this case to the extent that it may have contributed to the Board's decision to enact the ordinance at issue.

As explained above, the discovery sought does not appear relevant on its face, and thus the burden shifts to plaintiff to prove that the information at issue is relevant.   Plaintiff has failed to do so, but has instead offered conclusory arguments that it is entitled to obtain this information from Mr. Cosby.   Plaintiff's arguments fail, and the motions for protective order will be granted as to sections C, D, and E of Mr. Cosby's subpoena.[11]

### Categories A and B

Categories A and B seek information that appears to be more closely related to the subject of this lawsuit.   Category A seeks copies of legislation, including drafts and proposed legislation, regarding the regulation of sexually-oriented businesses in Dickinson County. Category B seeks correspondence "to or from [Mr. Cosby], or any other person, to or from any elected official . . . or any other entity acting" on behalf of Dickinson County or its Board of

---

[11] While the court need not reach the issue of breadth, the court concludes that these sections of the subpoena are also overly broad.  For example, the category E would require Mr. Cosby to produce any note, e-mail, etc. he ever sent to or received from any person in which the existence of plaintiff's business was mentioned.  This is clearly overly broad.

Commissioners.

The court concludes that, to the extent these two categories seek documents or information that was actually conveyed to defendants, the information appears relevant on its face.  Further, to the extent this information was provided to the defendants, neither defendants nor Mr. Cosby have persuaded the court that production of this information would be unduly burdensome or would outweigh the relevance of the information sought.  Therefore, to the extent that Mr. Cosby has the requested information within his custody or control,[12] and to the extent that the information at issue was communicated to the defendants,

Mr. Cosby shall produce information responsive to sections A and B of the subpoena duces tecum.

To the extent these two categories seek information that was not provided to the defendants, the court again concludes that such information is not relevant on its face to any claim or defense at issue in this case.  Further, the court concludes that plaintiff has not carried its burden to prove that the information at issue is relevant.  Therefore, the motion for protective order is granted in part and denied in part as it relates to sections A and B of the subpoena duces tecum.  Mr. Cosby shall provide relevant responsive information, as set forth above.

**Mr. Cosby's Deposition**

Next, Mr. Cosby and defendants ask the court to enter a protective order preventing

---

[12] The court notes that section B seeks correspondence from those other than Mr. Cosby to the County or its employees.  If Mr. Cosby possesses such information, he shall produce it.

plaintiff from deposing Mr. Cosby.   Mr. Cosby and defendants argue that plaintiff is only taking Mr. Cosby's deposition as a means of harassing him for his activism against plaintiff's business. Plaintiff counters that Mr. Cosby has information relevant to the case and that his deposition likely will only take a couple of hours.   As set forth below, the motions for protective order are granted in part and denied in part.

Fed. R. Civ. P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   As the parties seeking a protective order, defendants and Mr. Cosby must show that good cause exists to warrant such an order.[13]   "To establish good cause, [the] party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"[14]

The court concludes that neither defendants nor Mr. Cosby have met this burden.   The undersigned magistrate judge would like to believe that he is not naive.   Of course, it is possible that plaintiff is seeking to harass Mr. Cosby.   But there is nothing in the evidentiary record that would allow the undersigned to reasonably infer that this deposition was noticed for any improper purpose.   In addition, it does appear that Mr. Cosby has information arguably relevant to this case as to the information provided to the Board prior to the enactment of the ordinances at issue.

---

[13] *Bryan v. Eichenwald*, 191 F.R.D. 650, 651 (D. Kan. 2000) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[14] *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

However, as set forth above, the court finds that Mr. Cosby's personal activities relating to plaintiff's store are not relevant to this case except to the extent that he communicated information about those activities to defendants.   In light of plaintiff's assertion that Mr. Cosby's deposition will take no longer than two hours, and in an attempt to ensure that this deposition does not result in harassment or undue burden upon Mr. Cosby, the court will limit the deposition to two hours in length.   Therefore, to the extent the motions for protective order seek to prevent plaintiff from deposing Mr. Cosby, those motions are denied.   However, the motions are granted to the extent that Mr. Cosby's deposition shall be limited to two hours.

### Motion to Quash the Fed. R. Civ. P. 30(b)(6) Deposition Notice of the Board and Motion for Protective Order (Doc. 71)

Next, the Board asks the court to quash a deposition notice served upon it pursuant to Fed. R. Civ. P. 30(b)(6).   The Board raises both technical defects and substantive objections to the deposition notice.   For the reasons set forth below, the motion to quash is denied and the motion for a protective order is granted in part and denied in part.

The Board initially complains that it was not provided adequate written notice pursuant to Fed. R. Civ. P. 30(b)(1).   Again, plaintiff argues that dates were discussed among counsel and that the Board cannot claim that it was surprised or unduly burdened.   However, under this court's local rules, reasonable written notice of a deposition is five days.[15]   As set forth in Fed. R. Civ. P. 6(a), this means five *business* days, rather than *calendar* days.[16]   Therefore, the

---

[15] D. Kan. Rule 30.1.

[16] Fed. R. Civ. P. 6(a) governs the computation of "any period of time prescribed or allowed by [the Federal Rules of Civil Procedure], by the local rules of any district court, ...

written notice provided by plaintiff was clearly inadequate, and the court could quash the deposition notice at issue for this reason alone.   However, plaintiff has sought to remedy this defect by serving a new deposition notice which does allow adequate time for compliance. Therefore, the court will proceed to the merits of the Board's motion for a protective order regarding the future deposition.

Fed. R. Civ. P. 30(b)(6) allows a party to notice the deposition of a business entity and to specify the areas of inquiry. The named organization is then required to designate one or more representatives to testify as to the areas specified.   The notice must specify the areas of inquiry with "reasonable particularity."[17] Further, the persons designated by the organization are required to "testify as to matters known or reasonably available to the organization."[18]   The Board objects to plaintiff's 30(b)(6) notice on the grounds that it is overly broad, that the subjects are not stated with sufficient particularity, and that requested information is not relevant.    In addition, the Board argues that the doctrine of legislative immunity bars any deposition of the Board and that much of the information plaintiff seeks is protected by the attorney-client privilege.

**Whether the Deposition at Issue is Barred by Legislative Immunity**

The Board argues that it is shielded from immunity under the doctrine of legislative

---

, or by any applicable statute."  That rule states that, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

[17] Fed. R. Civ. P. 30(b)(6).

[18] *Id.*

immunity.    The Board additionally argues that, if absolute legislative immunity applies, then it operates as a testimonial privilege and bars the deposition of Board members.    The court concludes that the Board's argument misses the mark.

The Board is correct that legislators are immune from liability for damages if their actions were within the normal sphere of legislative activity and were undertaken in good faith.[19]    However, plaintiff does not seek to recover damages from individual members of the Board in this case.    Therefore, the Board's emphasis on its immunity from liability is misplaced.    Clearly, the Board – as the legislative body enacting the ordinances at issue – can be deposed to determine facts relevant to the court's constitutional inquiry.    The Board has not presented any relevant case law or facts in the record to indicate that its deposition is barred.    Therefore, the court concludes that plaintiff may proceed with a 30(b)(6) deposition of the Board.

**The Scope of the 30(b)(6) Deposition Notice**

Plaintiff's deposition notice seeks testimony by the Board on the following topics:

1.    The history surrounding the regulation of sexually-oriented businesses in Dickinson County, Kansas.

2.    The legislative history of the same regulation.

3.    The adverse secondary effects alleged to result specifically from the location

---

[19]The cases cited by defendant hold that legislators cannot be held liable in their personal capacities.  *See Bannum, Inc. v. City of Beaumont, Texas*, 236 F. Supp. 2d 633, 634-35 (E.D. Tex. 2002).  They do not hold that a legislative group, such as the Board, is not subject to suit for injunctive and declaratory relief or for repayment of attorney's fees, which are the only forms of relief plaintiff seeks (doc. 45).

and operation of plaintiff's business in Abilene.

4.     The rationale and motivations behind various (unlimited) provisions adopted by the Board in order to regulate the operation of sexually-oriented businesses.

5.     All drafts and versions of any ordinances – whether eventually adopted or not – which would have the effect of regulating sexually-oriented businesses.

6.     The Board's responses to plaintiff's written discovery requests.

7.     Materials and testimony relied upon by the Board in drafting and enacting legislation which regulates sexually-oriented businesses.

8.     Discussions, meetings, and communications between Dickinson County and any of its officers, commissioners, etc., regarding the scope and enforcement of any law regulating the location or operation of sexually-oriented businesses.

9.     The defenses raised by the defendant (presumably the Board) in its answer to plaintiff's amended complaint.

The court will address each of these topics individually.  However, the court notes that it finds plaintiff's Rule 30(b)(6) notice to be generally overbroad.  Many of the topics are unlimited in scope and seek information not germane to this case.  Moreover, plaintiff has failed to identify relevant dates, creating an impossible task of testifying as to history dating back indefinitely.

Additionally, the court notes that, for purposes of a 30(b)(6) deposition, the deponent must only testify as to the knowledge of the organization being deposed, rather than the knowledge of its individual employees or officers.  Therefore, to the extent the court

concludes that plaintiff's deposition notice is not objectionable, the Board's designee must only testify regarding "matters known or reasonably available to" the Board – not about the personal knowledge of its individual members.[20]   If plaintiff seeks information relating to individual members of the Board (and to the extent testimony by individual board members is relevant), plaintiff may seek to individually depose each of the Board members.

**Topics 1 & 2: History and Legislative History**

Plaintiff seeks testimony regarding the history and legislative history of the regulation of sexually-oriented businesses in Dickinson County.   Plaintiff's request is unlimited in scope in that it does not limit itself to the history of the ordinances specifically at issue in this lawsuit, nor is it limited in time.   The request essentially requires that the Board designate and prepare a deponent to testify as to the history and legislative history of all regulation of sexually-oriented businesses that has ever occurred in Dickinson County at any time in human history.

For obvious reasons, the court concludes that this request is overly broad.   First, it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Information regarding ordinances other than those at issue in this case is not facially relevant, and plaintiff has not met its burden to prove that such information would be relevant to any claim or defense in this case.   Moreover, the request is far too broad.   An overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task.   To avoid liability, the noticed

---

[20] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

party must designate persons knowledgeable in the areas of inquiry listed in the notice.[21]

Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

Therefore, the Board need not comply with sections 1 and 2 of the 30(b)(6) deposition notice.  Should plaintiff choose to depose the Board regarding history and legislative history, it is directed to serve a more narrowly-tailored deposition notice.  The motion to quash is granted as to these two categories of information.

**Topics 3, 6, & 9**

The court concludes that these three categories set forth in the 30(b)(6) notice seek relevant information and do not impose any undue burden on the Board.  As to the alleged secondary effects relating to plaintiff's business, the Board's designee can testify to the extent that such information was presented to and considered by the Board.  This information appears facially relevant, and testimony regarding this topic will not be unduly burdensome to the Board.

As to the Board's responses to written discovery requests, this area of inquiry is clearly discoverable, as is information regarding the defenses raised in the Board's answer.  While the deponent will be a fact witness who likely cannot testify as to the legal bases for the Board's defenses, the Board's designee should be able to testify regarding the factual basis for each

---

[21] *See Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995) (noting an inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989)).

asserted defense.   Therefore, the motion to quash the 30(b)(6) deposition notice is denied as it relates to these three topics.

**Topic 4**

Next, plaintiff seeks testimony regarding the rationale, justifications, and motivation behind various ordinances adopted by the Board regarding the regulation of sexually-oriented businesses.   This request is also unlimited in scope in that it does not limit itself to a relevant time period or to only those ordinances at issue in this litigation.   The court therefore concludes that the request is overly broad and will not require the Board to comply.   The motion to quash the deposition notice is therefore granted as it relates to this category of information.

However, to the extent that plaintiff seeks to obtain testimony regarding similar information that is limited to the ordinances at issue in this lawsuit, the court concludes that such a request would not be objectionable.   That is, a deponent may testify as to the Board's motivation and rationale in enacting the legislation at issue.   If, as the Board has asserted, there is no information responsive to this request beyond that set forth in the preamble to the ordinances at issue, so be it.   Even if that is the case, plaintiff is entitled to ask the question.[22]

**Topics 5, 7, & 8**

Each of these categories are unlimited in scope in that they do not limit themselves to a relevant time period or to only the ordinances at issue.   To the extent these requests seek

---

[22] The court notes that, as set forth above, the deponent must only testify as to the Board's motivation, rather than to the individual motivations of any Board members.

information beyond that relevant to the two ordinances at issue or the time frame immediately surrounding the enactment of those ordinances, the court concludes that the requests seek information that is irrelevant on its face.   Plaintiff has not shown that this information is relevant.   Therefore, the court concludes that the requests are overly broad and seek irrelevant information. The Board's motion to quash is therefore granted as to these categories of information.

Further, as to topics 7 and 8, the court again notes that the Board cannot testify to matters beyond the knowledge of the Board as a whole.   Therefore, these requests are overly broad to the extent they seek information known only to other officers, agents, or employees. The scope of Rule 30(b)(6) does not require the Board's designee to testify regarding matters outside the Board's knowledge.   To the extent that plaintiff seeks information from other employees or officers of Dickinson County, it may seek to personally depose those employees or officers.

In addition, the Board states that certain information responsive to this deposition notice is protected by the attorney-client privilege.   As the party opposing disclosure on grounds of privilege, the Board bears the burden of proving that the privilege applies.[23]   The court concludes that the Board has not carried its burden, as it has made no particularized showing of privilege, but has merely set forth conclusory contentions that it applies.   The Board is free to reassert its privilege claims during the 30(b)(6) deposition to the extent that

---

[23] *Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F.R.D. 193, 196 (D. Kan. 1993) (citation omitted).

specific questions seek privileged materials.

Therefore, for the reasons set forth above, the Board's motion to quash the 30(b)(6) deposition notice (doc. 71) is granted in part and denied in part. The motion is granted as it relates to topics 1, 2, 4, 5, 7, and 8, but denied as it relates to topics 3, 6, and 9.

**Motion to Quash the Deposition Notice of Defendant Hoffman**

Also before the court is the motion **(doc. 97)** of the defendants to quash the deposition notice of defendant Keith Hoffman (doc. 82). After reviewing the parties' arguments, the court concludes that defendants' motion should be denied.

Mr. Hoffman is the elected Dickinson County Attorney and the Dickinson County Counselor. In his capacity as county counselor, he advises and represents the Board in all non-criminal legal matters. By way of defendants' motion, defendants seek to prevent plaintiff from deposing Mr. Hoffman based upon Mr. Hoffman's role as attorney to the Board.

In support of this request, defendants cite a string of cases that stand for the proposition that a party's attorney should not be deposed unless an extremely high burden of proof is met by the party seeking the deposition. However, all of the cases cited by defendants deal with instances in which counsel of record for a party in a case is sought to be deposed *in that case.*[24] The factual scenario currently before the court is quite different, however. Mr. Hoffman is <u>not</u> counsel of record in this case. He is a named party. The cases cited by defendants are therefore distinguishable.

---

[24] *See Mike v. Dymon, Inc*., 169 F.R.D. 376, 378 (D. Kan. 1996); *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000); *Shelton v. Amer. Motors Corp*., 805 F.2d 1323, 1326 (8th Cir. 1986).

As the case law set forth by defendants does not apply to this case, the court concludes that plaintiff is not required to satisfy any heightened burden in order to depose Mr. Hoffman. Instead, under Fed. R. Civ. P. 26(c), <u>defendants</u> must show that good cause exists for the entry of a protective order barring or limiting Mr. Hoffman's deposition.[25]   "To establish good cause, [the] party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"[26]

The court concludes that defendants have not shown that good cause exists for entry of a protective order.   Defendants have presented no particularized or specific facts that would warrant the entry of such an order.   Therefore, as a party to this case, Mr. Hoffman is clearly subject to deposition regarding his knowledge of the facts of this case. Obviously, though, Mr. Hoffman may refuse to answer any questions seeking privileged communications.[27]   But for now, defendants' motion (**doc. 97**) to quash the deposition notice of defendant Hoffman is denied.

To avoid further delays, and to ensure that all discovery is completed by the current deadline of August 31, 2005, the undersigned magistrate judge respectfully encourages able

---

[25] *Bryan v. Eichenwald*, 191 F.R.D. at 651 (citing *Sentry Ins. v. Shivers*, 164 F.R.D. at 256).

[26] *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. at 102 n. 16).

[27] The court advises defendants that, while the attorney-client privilege may protect certain communications between Mr. Hoffman and the Board, it does not protect the entirety of any Board meeting merely because Mr. Hoffman was present. *Case v. Unified School Dist.*, No. 94-2100, 1995 WL 358198, *5 (D. Kan. Jun. 2, 1995) (unpublished opinion).

trial counsel to review this court's deposition guidelines and to keep those guidelines in mind when they proceed with the depositions of Mr. Hoffman, Mr. Cosby, and the Board. Those guidelines can be found at www.ksd.uscourts.gov/guidelines/depoguidelines.pdf.                 I   n consideration of the foregoing, and for good cause shown,

IT IS HEREBY ORDERED:

1.    The original, unsigned motion to quash Rule 45 subpoena on behalf of nonparty witness Philip Cosby, or for a protective order governing Mr. Cosby's deposition (**doc. 72**) is stricken pursuant to Fed. R. Civ. P. 11.  The later, signed version of the same motion (**doc. 90**), is granted in part and denied in part, as set forth above.  Defendants' original motion to quash the Rule 45 subpoena of Mr. Cosby, or for a protective order governing Mr. Cosby's deposition (**doc. 70**), for the same reasons, is granted in part and denied in part.  In light of the court's above-described rulings, defendants' renewed motion to quash the subpoena of Mr. Cosby (**doc. 98**) is denied as moot.  As explained in more detail above, Mr. Cosby's deposition may proceed but it shall be limited to two hours.

2.    Defendants' motion to quash or for a protective order governing the Board's 30(b)(6) deposition (**doc. 71**) is granted in part and denied in part, as set forth above.

3.    Defendants' motion to quash or for a protective order governing Mr. Hoffman's deposition (**doc. 97**) is denied.

4.    Copies of this order shall be served on counsel of record for the parties and for

the non-party movant Philip Cosby.

Dated this 4th day of August, 2005, at Kansas City, Kansas.


s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge